McGREGOR W. SCOTT
United States Attorney
ROSS PEARSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00063-DAD-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| RICKY BLACKWELL, | DATE: May 11, 2020 |
| Defendant. | TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on May 11, 2020. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1. By previous order, this matter was set for status on May 11, 2020.

2. By this stipulation, defendant now moves to continue the status conference until September 28, 2020, and to exclude time between May 11, 2020, and September 28, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) These cases are related, for purposes of discovery production, to a months-long investigation into the Hells Angels Motorcycle Club in Modesto, which included over 90 days of federal wiretaps.  As such, the government has represented that the discovery associated with this case includes over 7,000 pages of police reports, FBI serials, wiretap documents, intercepted calls and text messages, photographs, cell phone reports, and other media.  This discovery has been either produced directly to counsel and/or made available for inspection and copying.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time to consult with their clients, review discovery, research the charges, discuss potential resolutions with their clients, and otherwise prepare for trial. The parties have also reached in principle a plea agreement, and need time to schedule a change of plea hearing. In light of restrictions on travel and in-person court appearances, however, no hearing has been set.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because some of the parties are high-risk due to factors such as age and medical conditions.  Counsel for the parties have also been limited in their ability to conduct investigation and research the case due to shelter-in-home orders and remote working limitations.

    f) Based on the above-stated findings, the ends of justice served by continuing the

1  case as requested outweigh the interest of the public and the defendant in a trial within the

2  original date prescribed by the Speedy Trial Act.

3   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4  et seq., within which trial must commence, the time period of May 11, 2020 to September 28,

5  2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

6  T4] because it results from a continuance granted by the Court at defendant's request on the basis

7  of the Court's finding that the ends of justice served by taking such action outweigh the best

8  interest of the public and the defendant in a speedy trial.

9   4. Nothing in this stipulation and order shall preclude a finding that other provisions of the

10 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

11 must commence.

12  IT IS SO STIPULATED.

 Dated:  May 4, 2020                          McGREGOR W. SCOTT
                                              United States Attorney

                                              /s/ ROSS PEARSON
                                              ROSS PEARSON
                                              Assistant United States Attorney

 Dated:  May 4, 2020                          /s/ ROBERT LAMANUZZI
                                              ROBERT LAMANUZZI
                                              Counsel for Defendant
                                              RICKY BLACKWELL
                                              (Authorized by email on May 4, 2020)

## ORDER

IT IS SO ORDERED that the Status Conference is continued from May 11, 2020 to **September 28, 2020 at 1:00 PM before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

 Dated:   **May 6, 2020**                     /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4