1   McGREGOR W. SCOTT
    United States Attorney
2   ROSS PEARSON
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone:  (916) 554-2700
    Facsimile:   (916) 554-2900
5

6   Attorneys for Plaintiff
    United States of America
7

8               IN THE UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.  1:19-CR-63-DAD

12                      Plaintiff,       STIPULATION REGARDING USE OF
                                         VIDEOCONFERENCING DURING SENTENCING
13            v.                         HEARING; FINDINGS AND ORDER

14  RICKY BLACKWELL,                     DATE: February 8, 2021
                                         TIME: 9:00 a.m.
15                      Defendant.       COURT: Hon. Dale A. Drozd

16

17                          **BACKGROUND**

18          This case is set for sentencing on February 8, 2021.  On March 27, 2020, Congress passed the

19  Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the

20  Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing

21  hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person

22  without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case

23  finds for specific reasons that the plea or sentencing in that case cannot be further delayed without

24  serious harm to the interests of justice."  *Id.*, Pub. L. 116-23 § 15002(b)(2).

25          On March 29, 2020, the Judicial Conference of the United States made the findings required by

26  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

27  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to . . . [COVID-

28  19] have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety."  On June 29, 2020, the Chief Judge of this District, per General Order 620, reaffirmed these findings and authorized videoconferencing under the CARES Act for another 90 days.  On September 30, 2020, the Chief Judge of this District, per General Order 624, again reaffirmed these findings and authorized video-conferencing under the CARES Act for another 90 days.  On January 4, 2021, the Chief Judge of this District, per General Order 628, again reaffirmed these findings and authorized video-conferencing under the CARES Act for another 90 days.  Accordingly, the findings of the Judicial Conference and General Orders 614, 620, 624, and 628 establish that sentencing hearings cannot safely take place in person.

In order to authorize sentencing hearings by remote means, however, the CARES Act—as currently implemented by General Order 628—also requires district courts in individual cases to "find[], for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice."  General Order 628 further requires that the defendant consent to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by teleconference.

In addition, General Order 616 provides that, where a defendant's signature is called for, unless otherwise ordered by the court, defense counsel may sign electronically on the defendant's behalf using the format "/s/ name" and file the signed document electronically after the defendant has an opportunity to consult with counsel and consent's to counsel's signing on defendant's behalf.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 628 has been satisfied in this case.  They request that the Court enter an order making the specific findings required by the CARES Act and General Order 628.  Specifically, for the reasons further set forth below, the parties agree that:

1)      The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California, and the parties' mutual desire to resolve the case expeditiously as the defendant is in custody pending sentencing and has indicated that he would like to resolve this matter; and

2)      The defendant waives his physical presence at the hearing and consents to remote hearing by videoconference and counsel joins in that waiver.

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2.      On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3.      In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact, and vaccines have not yet been widely distributed.

4.      These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5.      On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6.      On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to

continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9.      On May 13, 2020, General Order 618 issued, continuing court closures "until further notice," and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

10.     Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11.     The sentencing hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

12.     Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference.  Counsel joins in this consent.

13.     Conducting the sentencing hearing by videoconference is furthermore appropriate in this case given the defendant's desire to resolve his case.

IT IS SO STIPULATED.


Dated:  February 5, 2021                    McGREGOR W. SCOTT
                                            United States Attorney


                                            /s/ ROSS PEARSON
                                            ROSS PEARSON
                                            Assistant United States Attorney


Dated:  February 5, 2021                    /s/ ROBERT LAMANUZZI
                                            ROBERT LAMANUZZI
                                            Counsel for Defendant
                                            RICKY BLACKWELL
                                            (Authorized by email on
                                            February 5, 2021)

**FINDINGS AND ORDER**

1.      The Court adopts the findings above.

2.      Further, the Court specifically finds that:

     a)      The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice; and

     b)      The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3.      Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act, General Order 616, and General Order 628, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

  Dated:   **February 5, 2021**            _____
                                            UNITED STATES DISTRICT JUDGE